# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

MAR 04 2026

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

SANESHA RENEE PEDEN,  )
    Plaintiff,  )
  )
v.  ) Civil Action No.: TBD
  )
LVNV FUNDING LLC, RESURGENT  )
CAPITAL SERVICES L.P., and  )
TRANSUNION LLC,  )
    Defendants.  )
  )
  )

**1 : 26 -CV- 1 2 3 0**

## COMPLAINT

## JURY TRIAL DEMANDED

## INTRODUCTION

1. This action is brought by Plaintiff, Sanesha Renee Peden, pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.

2. The FCRA mandates that furnishers of credit information provide accurate and verifiable data to consumer reporting agencies and conduct a reasonable investigation of disputed credit information. 15 U.S.C. § 1681s-2(b).

3. Defendants, LVNV FUNDING LLC, RESURGENT CAPITAL SERVICES L.P., and TRANSUNION LLC have willfully and negligently furnished and/or reported false, inaccurate, and unverifiable information regarding Ms. Peden's credit, despite being notified of the errors.

4. Defendants' conduct has caused significant harm to Ms. Peden, including financial injury, emotional distress, and a loss of creditworthiness.

5. Plaintiff seeks actual damages, statutory damages, punitive damages, injunctive relief, and all other available remedies under the FCRA, FDCPA, and applicable law.

## JURISDICTION AND VENUE

6. This action arises under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq., and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq.

7. Jurisdiction is proper under 28 U.S.C. §1331 because this action presents federal questions.

8. Venue is proper in this District under 28 U.S.C. §1391(b) because Plaintiff resides in this District, and the events giving rise to these claims occurred here.

## PARTIES

9. Plaintiff Sanesha Renee Peden ("Plaintiff") is a natural person and a resident of the Northern District of Georgia.

10. Defendant LVNV Funding LLC ("LVNV") is a foreign limited liability company that regularly purchases charged-off consumer debts and attempts to collect them.

11. Defendant Resurgent Capital Services L.P. ("Resurgent") is a servicer and agent of LVNV Funding LLC, responsible for debt collection and credit reporting on LVNV's behalf.

12. Defendant TransUnion LLC ("TransUnion") is a national consumer reporting agency ("CRA") as defined by 15 U.S.C. §1681a(f).

## FACTUAL ALLEGATIONS

13. Plaintiff was a cardmember of a credit card account issued by Navy Federal Credit Union (the "Original Creditor"), account numbers ending in 3795 and 4060 (the "Account").

14. The Original Creditor charged off the Account on or about July 2023. At the time of charge-off, the Accounts had a balance of $8,161 and $2,156.

15. Defendant LVNV Funding LLC ("LVNV"), a debt buyer, subsequently acquired the Account and began reporting it to consumer reporting agencies ("CRAs") as a collection account.

16. The reporting by LVNV, through its servicer Resurgent Capital Services L.P. ("Resurgent"), contained one or more material inaccuracies, including but not limited to: (a) misrepresenting the ownership and legal enforceability of the debt; (b) reporting a balance that is not validly owed; and (c) failing to reflect that the Account had been disputed by the consumer.

17. On or about March 21, 2025, Plaintiff mailed a written dispute to TransUnion, Equifax, and Experian (the "First Dispute"), contesting the accuracy, validity, and ownership of the LVNV tradeline. A true and correct copy of this dispute letter is attached hereto as Exhibit A. Plaintiff specifically requested the CRAs obtain and verify the debt's chain of title and purchase agreement. This dispute was sent via certified mail. A true a correct copy of the certified mail receipt is attached hereto as Exhibit B.

3

18. Following the First Dispute and subsequent disputes, Equifax and Experian conducted investigations and permanently deleted the LVNV tradeline from Plaintiff's credit files—an action demonstrating the information was both unverifiable and inaccurate.

19. Contrary to the actions of Equifax and Experian, and despite receiving multiple disputes from Plaintiff (including a specific dispute in September 2025), Defendant TransUnion failed to conduct a reasonable reinvestigation. It merely forwarded boilerplate Automated Consumer Dispute Verification ("ACDV") forms to Resurgent/LVNV and, upon receiving a generic verification response, continued to report the account as valid without independent review.

20. In response to the September 2025 dispute forwarded by TransUnion, LVNV and Resurgent failed to provide competent verification. Their response consisted of limited, account-level data and they explicitly refused or failed to provide the fundamental documentation proving their legal right to collect—namely, the purchase agreement or a complete chain of title assigning the specific Accounts from the Original Creditor to LVNV.

21. Despite this inability to verify the debt's ownership and validity upon a consumer's direct dispute, LVNV and Resurgent (collectively, the "Furnishers") continued and continue to furnish the inaccurate information to TransUnion. By doing so, they violated their duty under 15 U.S.C. § 1681s-2(b) to conduct a reasonable investigation and to not furnish information they knew or reasonably should have known was inaccurate.

22. Defendant TransUnion, upon receiving the Furnishers' inadequate verification, continued to publish the inaccurate LVNV tradeline to third parties. It failed to initially note the account as "disputed by consumer" as required and failed to consider the critical fact that two other national CRAs had deleted the same item as unverifiable.

23. On or about February 13, 2026, in a final attempt to resolve this matter without litigation, Plaintiff participated in a recorded phone call with Defendants. A recording of this phone call has been preserved and will be made available for authentication and review. A log of this call is attached hereto as Exhibit C.

24. Plaintiff also filed a complaint against TransUnion regarding its handling of this dispute with the Consumer Financial Protection Bureau (CFPB). A true and correct copy of this complaint is attached hereto as Exhibit D.

25. As a direct and proximate result of Defendants' continuing violations, Plaintiff applied for financing through Peoples Financial Corp. On or about October 27, 2025, Peoples Financial Corp made a hard inquiry into Plaintiff's TransUnion credit report, as reflected in the credit report attached as Exhibit E. Plaintiff's application was denied due to the inaccurate collection accounts reported by LVNV and published by TransUnion. A true and correct copy of the denial letter from Peoples Financial Cop is attached hereto as Exhibit F.

26. A true and correct copy of Plaintiff's TransUnion credit report, obtained on February 23, 2026, is attached hereto as Exhibit E. This report confirms that despite numerous disputes, the inaccurate LVNV tradelines remain on Plaintiff's report.

27. The February 23, 2026, credit report shows that the account number ending in 5500 is now marked with the remark "Account information disputed by consumer (FCRA)." This notation is an acknowledgement by TransUnion of Plaintiff's dispute buy also demonstrates that TransUnion failed to properly note the dispute on the second LVNV tradeline (account ending in 9134) and failed to remove the inaccurate information.

28. As a direct and proximate result of these violations, Plaintiff has suffered concrete harms, including but not limited to: denial of credit applications (specifically from Peoples Financial Corp), loss of financial opportunities, increased interest rates on approved credit, and significant emotional distress, anxiety and frustration.

### COUNT I – Violation of the
### Fair Credit Reporting Act (15 U.S.C. §1681i)
### Against Defendant TransUnion LLC

29. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

30. **Duty:** As a "consumer reporting agency" under 15 U.S.C. § 1681a(f), TransUnion had a duty, pursuant to 15 U.S.C. § 1681i(a), to conduct a reasonable reinvestigation of information in Plaintiff's file that Plaintiff directly disputed as inaccurate or incomplete.

31. **Breach – Failure to Reinvestigate Reasonably:** Upon receiving Plaintiff's disputes (including, but not limited to, the First Dispute of March 21, 2025, and the subsequent dispute of September 2025), TransUnion failed to conduct a reasonable reinvestigation. Its conduct was unreasonable as it:

    a. Merely performed a "parroting" procedure, forwarding Plaintiff's specific disputes to the furnisher without any independent review of the adequacy of the furnisher's response;

    b. Ignored the fact that two other national consumer reporting agencies, Equifax and Experian, deleted the identical tradeline as unverifiable following the same disputes, which was a clear indicator of likely inaccuracy;

6

    c. Failed to review or obtain the underlying documentation (e.g., chain of title, purchase agreement) that Plaintiff specifically requested be verified; and

    d. Continued to report the tradeline for months without noting it was "disputed by consumer" as required by 15 U.S.C. § 1681i(c). While the February 23, 2026, report eventually added this notation for one account, it was untimely and failed to correct the underlying inaccuracy or apply the notation to the second LVNV account.

32. **Breach – Continued Reporting of Inaccurate Information:** Despite knowledge of the dispute and the inadequate verification, TransUnion willfully and/or negligently continued to publish the inaccurate LVNV tradeline to third parties, including Peoples Financial Corp, in consumer reports, in violation of 15 U.S.C. §§ 1681e(b) and 1681i.

33. **Causation & Damages:** As a direct and proximate result of TransUnion's willful and/or negligent violations, Plaintiff has suffered actual damages, including out-of-pocket losses, credit denials, loss of financial opportunity, and significant emotional distress, anxiety, and frustration.

## COUNT II – VIOLATION OF THE
## FAIR CREDIT REPORTING ACT (15 U.S.C. § 1681s-2(b))
## Against Defendants LVNV Funding LLC and Resurgent Capital Services L.P.

34. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

35. **Duty:** Defendants LVNV and Resurgent are "furnishers of information" under 15 U.S.C. § 1681s-2(a). Upon receiving notice of Plaintiff's dispute from TransUnion via an ACDV, they had a duty pursuant to 15 U.S.C. § 1681s-2(b) to: (A) conduct a reasonable investigation; (B) review

all relevant information provided by the CRA; (C) report the results to the CRA; and (D) if the information was incomplete or inaccurate, report those results to all CRAs to which they furnished the information.

36. **Breach – Failure to Conduct Reasonable Investigation:** LVNV and Resurgent willfully and/or negligently failed to conduct a reasonable investigation. Their investigation was unreasonable as it:

    a. Relied solely on their own internal account records without obtaining or reviewing the foundational documents proving their legal ownership and right to collect the specific debt allegedly owed by Plaintiff;

    b. Failed to provide, and refused to provide, the purchase agreement or chain of title in response to the dispute, which was the central document needed to verify the claim of ownership; and

    c. Resulted in a "verification" sent to TransUnion that consisted of limited, unverified data, lacking substantive proof of the debt's validity or their authority to report it.

37. **Breach – Continued Furnishing of Inaccurate Information:** Following their inadequate investigation, LVNV and Resurgent continued and continue to furnish the inaccurate and unverified information to TransUnion (¶ 9), in violation of their duty under 15 U.S.C. § 1681s-2(b).

38. **Causation & Damages:** As a direct and proximate result of LVNV and Resurgent's willful and/or negligent violations, the inaccurate information remained on Plaintiff's credit report, causing the actual damages detailed in Paragraph 28.

## COUNT III – VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT (15 U.S.C. §§ 1692e & 1692f)
### Against Defendants LVNV Funding LLC and Resurgent Capital Services L.P.

39. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

40. Status as Debt Collectors: At all relevant times, LVNV and Resurgent were "debt collectors" as defined by 15 U.S.C. § 1692a(6), engaged in the business of collecting debts allegedly owed to another.

41. False, Deceptive, or Misleading Representations (15 U.S.C. § 1692e): LVNV and Resurgent violated § 1692e by using false, deceptive, or misleading representations in connection with the collection of a debt, including but not limited to:

    a. § 1692e(2)(A): Falsely representing the character, amount, or legal status of the debt by reporting it as valid and collectible without possessing competent evidence of ownership and chain of title;

    b. § 1692e(5): Threatening to take action (continued collection and credit reporting) that cannot legally be taken or was not intended to be taken, as they lack legal standing to do so without proper validation;

    c. § 1692e(8): Communicating to a CRA (TransUnion) credit information which they knew or should have known was false, specifically the validity and enforceability of the debt; and

    d. § 1692e(10): Using any false representation or deceptive means to collect or attempt to collect the debt.

42. Unfair or Unconscionable Means (15 U.S.C. § 1692f): LVNV and Resurgent violated § 1692f by using unfair or unconscionable means to collect or attempt to collect a debt, including but not limited to:

    a. § 1692f(1): Attempting to collect an amount not authorized by the original agreement or permitted by law, as they cannot establish the authority to collect; and

    b. Engaging in the general unfair practice of continuing collection activities, including adverse credit reporting, after failing to obtain competent verification of the debt upon the consumer's dispute.

43. **Damages:** As a direct and proximate result of these violations, Plaintiff is entitled to statutory damages, actual damages, and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendants, and award the following relief:

**Against All Defendants:**

    A. An Order permanently enjoining Defendants from reporting the disputed LVNV Funding tradeline to any consumer reporting agency;

**Against Defendants LVNV Funding LLC and Resurgent Capital Services L.P.:**

    B. Actual damages pursuant to 15 U.S.C. §§ 1681n and 1681o for its negligent and willful violations of the FCRA;

C. Statutory damages, including punitive damages, for willful non-compliance pursuant to 15 U.S.C. § 1681n;

**Against Defendant TransUnion LLC:**

D. Actual damages pursuant to 15 U.S.C. § 1681n and § 1681o for its negligent and willful violations of the FCRA;

E. Statutory damages, including punitive damages, for willful non-compliance pursuant to 15 U.S.C § 1681n;

**Against All Defendants:**

F. Costs of this action and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n(a)(3), 1681o(a)(2), and 15 U.S.C. § 1692k(a)(3); and

G. For such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable,

Respectfully submitted this 23rd day of February, 2026.


Sanesha Peden
Plaintiff, Pro Se
3520 Thornwoode Pointe
Decatur, GA 30034
(470) 725-8569